UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------------- X

SANDRA GUTIERREZ, GLADYS SELENE : 
RAMON, MADELYN RAMON, ARTURO LARA :
MUNOZ, LIVIA GUTIERREZ, on behalf of :
themselves and all others similarly situated, :
TAYLOR PROTO, on Behalf of herself, :       **3:21 Civ. 0855 (SVN)(TOF)**
 :
Plaintiffs, :
 :
-against- :
 :
 :
LOS MARIACHIS, LLC, FOOD TRUCKS, LLC, :
LOREN AGUIRRE, and JOSEPH FLAMINI. :
 :
Defendants. :

-------------------------------------------------------------------- X

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiffs Sandra Gutierrez, Gladys Selene Ramon, Madelyn Ramon, Arturo Lara Munoz, Livia Gutierrez, and Taylor Proto (collectively "Plaintiffs"), on one side, and Defendants Los Mariachis, LLC, ("Los Mariachis"), Food Trucks, LLC. ("Food Trucks")(collectively, with Los Mariachis and Food Trucks, the "Corporate Defendants"), Loren Aguirre and Joseph Flamini (collectively, "Defendants"), on the other side. Plaintiffs and Defendants are collectively referred to in this Agreement as the "Parties."

**WHEREAS**, Plaintiffs, through their counsel, Madsen, Prestley & Parenteau, LLC ("MPP") and Pechman Law Group PLLC ("PLG"), commenced an action against Defendants by filing a complaint (the "Complaint") in the United States District Court, District of Connecticut (the "Court"), Docket No. 3:21–cv–0855–SVN (the "Action"), alleging, *inter alia*, that they worked for Defendants as dishwashers, cooks, servers, waiters, bussers, bartenders, and food truck drivers, and that Defendants (a) failed to pay them minimum wages, (b) overtime wages equal to one and one-half times their regular hourly wage rates, (c) made unlawful deductions from Plaintiffs' wages; and (d) engaged in unlawful retaliation;

**WHEREAS**, Plaintiffs claim that, upon the facts alleged in the Complaint, they are entitled to recover from Defendants unpaid minimum and overtime wages, unlawful deductions, liquidated damages, pre- and post-judgment interest, other compensatory damages such as emotional distress damages, and attorneys' fees and costs (collectively, the "Claims") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Connecticut Minimum Wage Act §§ 31-58 *et seq.* ("CMWA"), Connecticut Common Law, Conn. Gen. Stat. § 52-564; and Conn. Gen. Stat. § 31-51q;

**WHEREAS**, Defendants deny Plaintiffs' allegations asserted in their Complaint and deny that they have violated any applicable law, rule, regulation or statute;

**WHEREAS,** the Parties engaged in settlement discussions and exchanged information relating to the Claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement;

**WHEREAS,** the Parties attended settlement conferences before the Honorable Thomas O. Farrish;

**WHEREAS,** the Parties, with counsel, negotiated in good faith and agreed on the key terms of settlement; and

**WHEREAS,** the Parties desire to resolve and settle the Action and the Claims in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises contained in this Agreement and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state, and/or local law:

1.     **Settlement Amount**

a.     **Distributions of Amounts.**  In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of Two Hundred Thousand Dollars and Zero Cents ($200,000.00) (the "Settlement Amount"), according to the following payment terms:

   i.   A total aggregate payment of One Hundred Thirty-Two Thousand and Fifty-Four Dollars and Sixty-Seven Cents ($132,054.67) by checks payable

to Plaintiffs in accordance with the payment schedule and allocations set forth below, and

ii.  A total aggregate payment of Sixty-Seven Thousand Nine Hundred and Forty-Five Dollars and Thirty-Three Cents ($67,945.33) for attorney's fees and costs, by checks payable to Madsen, Prestley & Parenteau, LLC and Pechman Law Group PLLC in accordance with the payment schedule and allocations set forth below.

b.    Defendants shall deliver payments due under this Agreement to Madsen, Prestley & Parenteau, LLC, 402 Asylum Street, Hartford, Connecticut 06103, in the following payment schedule:

| Payment Due Date | Total Amount Due | Amounts Payable to Plaintiffs and Their Attorneys |
| --- | --- | --- |
| October 15, 2022, or within thirty (30) calendar days of Court approval of this Agreement; whichever date is later | $85,000.00 | • $8,499.50 payable to "Sandra Gutierrez";<br>• $13,826.50 payable to "Madelyn Ramon";<br>• $11,900.54 payable to "Gladys Selene Ramon";<br>• $13,543.17 payable to "Arturo Lara Munoz";<br>• $2,574.85 payable to "Livia Gutierrez";<br>• $5,043.04 payable to "Taylor Proto";<br>• $15,445.33 payable to "Madsen, Prestley & Parenteau, LLC"; |

| | | |
|---|---|---|
| | | • $14,166.67 payable to "Pechman Law Group PLLC". |
| November 15, 2022 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez";<br>• $1,200.00 payable to "Madelyn Ramon";<br>• $1,010.00 payable to "Gladys Selene Ramon";<br>• $1,180.28 payable to "Arturo Lara Munoz";<br>• $374.72 payable to "Livia Gutierrez";<br>• $485.00 payable to "Taylor Proto";<br>• $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";<br>• $1,250.00 payable to "Pechman Law Group PLLC". |
| December 15, 2022 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez";<br>• $1,200.00 payable to "Madelyn Ramon";<br>• $1,010.00 payable to "Gladys Selene Ramon";<br>• $1,180.28 payable to "Arturo Lara Munoz"; |

| | | |
|---|---|---|
| | | • $374.72 payable to "Livia Gutierrez";<br>• $485.00 payable to "Taylor Proto";<br>• $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";<br>• $1,250.00 payable to "Pechman Law Group PLLC". |
| January 15, 2023 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez";<br>• $1,200.00 payable to "Madelyn Ramon";<br>• $1,010.00 payable to "Gladys Selene Ramon";<br>• $1,180.28 payable to "Arturo Lara Munoz";<br>• $374.72 payable to "Livia Gutierrez";<br>• $485.00 payable to "Taylor Proto";<br>• $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";<br>• $1,250.00 payable to "Pechman Law Group PLLC". |
| | | • $750.00 payable to "Sandra Gutierrez"; |

| February 15, 2023 | $7,500.00 | <ul><li>$1,200.00 payable to "Madelyn Ramon";</li><li>$1,010.00 payable to "Gladys Selene Ramon";</li><li>$1,180.28 payable to "Arturo Lara Munoz";</li><li>$374.72 payable to "Livia Gutierrez";</li><li>$485.00 payable to "Taylor Proto";</li><li>$1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";</li><li>$1,250.00 payable to "Pechman Law Group PLLC".</li></ul> |
|---|---|---|
| March 15, 2023 | $7,500.00 | <ul><li>$750.00 payable to "Sandra Gutierrez";</li><li>$1,200.00 payable to "Madelyn Ramon";</li><li>$1,010.00 payable to "Gladys Selene Ramon";</li><li>$1,180.28 payable to "Arturo Lara Munoz";</li><li>$374.72 payable to "Livia Gutierrez";</li><li>$485.00 payable to "Taylor Proto";</li><li>$1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";</li></ul> |

| | | |
|---|---|---|
| | | • $1,250.00 payable to "Pechman Law Group PLLC". |
| April 15, 2023 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez";<br>• $1,200.00 payable to "Madelyn Ramon";<br>• $1,010.00 payable to "Gladys Selene Ramon";<br>• $1,180.28 payable to "Arturo Lara Munoz";<br>• $374.72 payable to "Livia Gutierrez";<br>• $485.00 payable to "Taylor Proto";<br>• $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";<br>• $1,250.00 payable to "Pechman Law Group PLLC". |
| May 15, 2023 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez";<br>• $1,200.00 payable to "Madelyn Ramon";<br>• $1,010.00 payable to "Gladys Selene Ramon";<br>• $1,180.28 payable to "Arturo Lara Munoz"; |

| | | |
|---|---|---|
| | | • $374.72 payable to "Livia Gutierrez"; <br> • $485.00 payable to "Taylor Proto"; <br> • $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC"; <br> • $1,250.00 payable to "Pechman Law Group PLLC". |
| June 15, 2023 | $7,500.00 | • $750.00 payable to "Sandra Gutierrez"; <br> • $1,200.00 payable to "Madelyn Ramon"; <br> • $1,010.00 payable to "Gladys Selene Ramon"; <br> • $1,180.28 payable to "Arturo Lara Munoz"; <br> • $374.72 payable to "Livia Gutierrez"; <br> • $485.00 payable to "Taylor Proto"; <br> • $1,250.00 payable to "Madsen, Prestley & Parenteau, LLC"; <br> • $1,250.00 payable to "Pechman Law Group PLLC". |
| | | • $750.00 payable to "Sandra Gutierrez"; |

| July 15, 2023 | $7,500.00 | <ul><li>$1,200.00 payable to "Madelyn Ramon";</li><li>$1,010.00 payable to "Gladys Selene Ramon";</li><li>$1,180.28 payable to "Arturo Lara Munoz";</li><li>$374.72 payable to "Livia Gutierrez";</li><li>$485.00 payable to "Taylor Proto";</li><li>$1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";</li><li>$1,250.00 payable to "Pechman Law Group PLLC".</li></ul> |
| --- | --- | --- |
| August 15, 2023 | $7,500.00 | <ul><li>$750.00 payable to "Sandra Gutierrez";</li><li>$1,200.00 payable to "Madelyn Ramon";</li><li>$1,010.00 payable to "Gladys Selene Ramon";</li><li>$1,180.28 payable to "Arturo Lara Munoz";</li><li>$374.72 payable to "Livia Gutierrez";</li><li>$485.00 payable to "Taylor Proto";</li><li>$1,250.00 payable to "Madsen, Prestley & Parenteau, LLC";</li></ul> |

| | | |
|---|---|---|
| | | • $1,250.00 payable to "Pechman Law Group PLLC". |
| September 15, 2023 | $40,000.00 | • $3,865.21 payable to "Sandra Gutierrez";<br>• $5,972.61 payable to "Madelyn Ramon";<br>• $5,208.57 payable to "Gladys Selene Ramon";<br>• $6,147.14 payable to "Arturo Lara Munoz";<br>• $2,425.06 payable to "Livia Gutierrez";<br>• $3,048.08 payable to "Taylor Proto";<br>• $6,666.67 payable to "Madsen, Prestley & Parenteau, LLC";<br>• $6,666.66 payable to "Pechman Law Group PLLC". |

c.      **Taxes.**  The Defendants shall make all payments under this Agreement as follows: 50% as W-2 wages subject to applicable payroll taxes; and 50% as liquidated damages under IRS Tax Form 1099.  Plaintiffs shall provide defendants with completed forms W-4 for purposes of payroll tax withholdings, MPP, and PLG shall provide completed IRS Tax Forms W-9 to the Defendants with a copy of this executed Agreement. Defendants shall issue each Plaintiff a form W-2 for payroll taxes, MPP, and PLG a separate IRS Tax Form 1099 for payment of his or its respective portion of the Settlement Amount.  Each Plaintiff shall be responsible for his respective portion of all taxes, interest, and penalties due with respect to his receipt of his portion of the Settlement Amount reported on an IRS Tax Form W-2 and 1099 and made pursuant to this Agreement and

agrees to indemnify, defend, and hold the Defendants harmless from and against any and all interest, penalties, attorneys' fees, and other costs imposed on the Defendants as a result of his or her failure to timely pay such taxes. However, any such indemnification and duty to defend is conditioned upon Defendants providing Plaintiffs with prompt notice of any such claim so that Plaintiffs have a reasonable opportunity to defend. Plaintiffs have not relied upon any advice from Defendants, MPP, or from PLG as to the taxability of the payments received pursuant to this Agreement. Nothing in this Agreement relieves Defendants of any of their obligations to pay the employer's share of any withholding taxes, if any.

### d.    Default and Cure Notice.

If Defendants fail to make timely any of the payments set forth in Section 1(b) above, or if any payment check fails to clear (*i.e.*, bounces) for any reason, MPP and/or PLG shall provide a notice to cure to Defendants' counsel by e-mail consistent with Section 12 below. Defendants shall cure the default within thirty (30) calendar days from and including the date on which the notice was sent (the "Cure Period"). In the event that payment is not made within the opportunity to cure period, all outstanding and unpaid installment payments under this Agreement will become due immediately at the end of the Cure Period and Defendants agree and hereby stipulate by their signatures on this Agreement that the Court may enter a Judgment against Defendants in the amount of the Settlement Amount ($200,000.00), less any payments previously made. In addition, Defendants agree that if they fail to make any of the payments which comprise the Settlement Payment in accordance with the schedule set forth in Section 1(b) above, Defendants shall be obligated to pay any attorney's fees and costs incurred by Plaintiff to enforce any of the obligations in this Agreement, in an amount to be determined by the Court.

### e.    Security for Settlement Payments

Defendants' obligations to pay the Settlement Amount is also secured by the following property specified in this Paragraph, of which Defendants are the sole owners:

The real property located at 105 N. Colony Road, Wallingford, CT (a/k/a Los Mariachis restaurant).

Defendants represent that said property is valued at $200,000 or more, and that no other individual or entity has any interest in, or ownership of, said property, and that said property is not security for any other debt or obligation, and that said property is not subject to any liens. Defendants further agree not to transfer or assign any ownership interest in any of said property, or offer said property as security in connection with any

other obligation or debt, until Defendants have paid the entire Settlement Amount as specified in Paragraph 1 above.   Defendants further agree to maintain insurance on said property during the period of time in which Defendants are obligated to pay the Settlement Amount, and that such insurance will be commensurate with the value of the property asserted by Defendants herein.

Defendants agree that the obligation to pay the Settlement Amount is a secured debt, and that Defendants are hereby agreeing to provide Plaintiffs with a lien against the property identified above in the amount of the Settlement Amount, $200,000.00. Defendants further agree and stipulate to an attachment in the property identified herein in the amount of the Settlement Amount, $200,000.00, which will be effectuated by the Court Order approving this settlement.  Defendants further agree and understand that these representations, and this Section of the Agreement, is an essential and material term of this Agreement, and that Plaintiffs have relied on these representations in entering into this Agreement.


2.      **Release of Wage and Hour Claims**

In consideration of the promises and actions of Defendants set out in this Agreement, Plaintiffs hereby waive, release, satisfy, and discharge, on their own behalf and on behalf of anyone who could claim by and through them, Defendants, including their officers, directors, shareholders, members, of and from any and all claims for damages, salaries, wages, compensation, statutory damages, unlawful deductions, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated, statutory, and other damages, interest, attorneys' fees, and costs, for the Claims and any other claim brought relating to or arising from their work performed for Defendants or the facts that gave rise to the Action, under the FLSA, the CMWA, Connecticut Common Law, Conn. Gen. Stat. § 52-564, Conn. Gen. Stat. § 31-51q, and/or any local, state, or federal wage statute, code, or ordinance concerning the payment and/or receipt of wages.  This Agreement constitutes a full accord, satisfaction, and settlement of the claims settled, released, and waived in this Section and further constitutes a sufficient basis for immediate dismissal of such released claims asserted by Plaintiffs against Defendants in any future action so long as Defendants pay the Settlement Amount in full as set forth in this Agreement.  Excepted from this release is any claim or right that cannot be waived by law, claims arising after the date of Plaintiffs' execution of this Agreement, any claims to enforce this Agreement, the right to file a charge with or participate in an investigation conducted by government agencies, as well as any claims relating to fraudulent conveyances.

3.    **Non-Retaliation**

Defendants shall not engage in any acts of retaliation against any of the Plaintiffs. This prohibition , includes, but is not limited to, any action by Defendants, or any of their agents or anyone acting on their behalf, to directly or indirectly take any action, or threaten to take any action, relating to any issues concerning Plaintiffs' immigration status, citizenship status, work authorization status, lack of government documents, deportation, or reporting any information to any governmental immigration authorities; provided, however, if any governmental agency contacts  Defendants pursuant to an investigation pursuant to any of the above, nothing herein shall prohibit Defendants from complying fully with their obligation under any applicable law.  Defendants also shall not take any action to retaliate against Plaintiffs in connection with Plaintiffs' employment with another employer, or prospective or potential employment with another employer.  If another individual contacts Defendants and requests information regarding Plaintiffs' employment, Defendants shall only verify Plaintiffs' dates of employment and position held and Defendants shall not provide any other information.

4.    **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties' attorneys shall present this Agreement, along with the proposed Stipulation and Order of Dismissal with Prejudice (the "Order"), which is attached hereto as Exhibit A, to the Court for review and approval.  Counsel for the Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the Order.

5.    **Non-Admission of Liability**

Defendants do not admit any violation of law or any liability to Plaintiffs or to anyone else as a result of or arising out of the Complaint, the Claims, or the Action. Plaintiffs are not "prevailing parties."

6.    **Attorneys' Fees and Costs**

Plaintiffs acknowledge that the attorneys' fees and costs allocated in this Agreement are fair and reasonable and in accordance with the Retainer Agreements Plaintiffs executed with MPP and PLG.

7.    **Applicable Law; Forum Selection**

The Parties consent to the jurisdiction of the United States District Court, District of Connecticut for any litigation concerning or arising out of the terms of this Agreement

or the Parties' performance of its terms.  The Parties shall jointly request that the Court retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Agreement.  Furthermore, the Parties shall jointly request that the Court maintain the Action open until Plaintiffs confirm that they have received the Settlement Amount, at which time Plaintiffs shall file the proposed Order attached as Exhibit A.

**8.    Execution in Counterparts; Facsimile Signatures; Force and Effect**

This Agreement may be executed in counterparts by each Party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile/electronic mail or by electronic application, such as DocuSign and HelloSign, for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

**9.    Plaintiffs' Representations**

Plaintiffs represent and warrant that they have entered into this Agreement of their own free will and accord, not subject to coercion or undue influence.  Plaintiffs further warrant that they are satisfied with the legal representation and services received from their attorneys, MPP and PLG, and believe that the Settlement Amount and its distribution, as set forth above, represents a fair and reasonable compromise of the disputes in the Action.

**10.    Entire Agreement**

This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof.

**11.    Non-Waiver/No Modification**

This Agreement cannot be modified or changed except by a writing signed by the Parties with specific reference to this Agreement.  No delay or omission by any Party in exercising any right(s) under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.  No provision of this Agreement may be waived except by a written instrument signed by the Party who is claimed to have waived a provision.

**12.    No Severability**

If any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, this entire Agreement is thereby rendered illegal and invalid *ab initio.*

**13.    Notices**

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, facsimile, messenger, overnight mail, or first-class mail, and shall be directed as follows, or to any other address designated in writing:

| If to Plaintiffs: | If to Defendants: |
|---|---|
| Todd Steigman, Esq. | Paul Tagatac, Esq. |
| Madsen, Prestley & Parenteau, LLC | Michelson, Kane, Royster & Bargar, P.C. |
| 402 Asylum Street | 10 Columbus Boulevard |
| Hartford, CT 06103 | Hartford, CT 06106 |
| Fax: (860) 246–1794 | Fax: (860) 548-0194 |
| tsteigman@mppjustice.com | ptagatac@mkrb.com |

All notices, requests, consents, and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission and/or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

**14.    Prevailing Party**

It is agreed that in any action resulting from a breach of this Agreement, the prevailing party in such an action will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s), in addition to any determined award.

**15.    Medical Bills, Liens, and Other Potential Rights for Reimbursement.**

*(a)    Good Faith Resolution.*  This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Section 1395y(b).  The

Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest and incorporate such in the settlement terms.

*(b)* _Representation that Plaintiff is Not a Medicare Beneficiary_.  Plaintiff warrants that Plaintiff is not a Medicare Beneficiary as of the date of this Agreement.  Because Plaintiff is not a Medicare recipient as of the date of this Agreement, no conditional payments have been made by Medicare. Plaintiff further represents and warrants that he is aware of no Medicare conditional payments that have been made on Plaintiff's behalf.

*(c)* _Agreement to Indemnify, Defend, and Hold Harmless_.  Plaintiff will indemnify, defend and hold Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages including multiple damages from Releasees relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiff's alleged injuries, claims and/or the Threatened Action, Plaintiff will defend and indemnify Releasees and hold Releasees harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

16.     **Reconocimiento en Español (Spanish Acknowledgement)**

Los Demandantes de habla hispana representan que su idioma materno es el español y que sus abogados han repasado todos los términos de este Acuerdo con ellos en español. Los Demandantes han entendido todos los términos de este Acuerdo y los aceptan voluntariamente al firmar el Acuerdo.  (The Spanish-speaking Plaintiffs represent that their primary language is Spanish and that their counsel, through an interpreter, have reviewed all the terms of this Agreement with them in Spanish. Plaintiffs fully understood all of the terms of this Agreement and voluntarily accept them by signing below).

17.  **Plaintiffs understand, represent, and agree that they:**

a.     **have carefully reviewed and fully understood every provision of this Agreement prior to executing it;**

b.     **are, through this Agreement, releasing Defendants from any and all wage and hour claims, including the Claims, that Plaintiffs may have against them relating to their employment with Defendants or their separation from employment with them;**

c.     **knowingly and voluntarily agree to all of the terms set forth in this Agreement;**

     d.    **knowingly and voluntarily intend to be legally bound by this Agreement;**

     e.    **were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and**

     f.    **are duly authorized and have full authority to execute this Agreement.**

**Plaintiffs**

 

_____

Sandra Gutierrez

Dated: _____

 

_____

Gladys Selene Ramon

Dated: _____

 

_____

Madelyn Ramon

Dated: _____

 

_____

Arturo Lara Munoz

Dated: _____

**Defendants**

Los Mariachis, LLC.

By: _____

Dated: _____

 

Food Trucks, LLC.

By: _____

Dated: _____

 

_____

Loren Aguirre

Dated: _____

 

_____

Joseph Flamini

Dated: _____

_____
Livia Gutierrez

Dated: _____


_____
Taylor Proto

Dated: _____

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------------------------- X
SANDRA GUTIERREZ, GLADYS SELENE        :
RAMON, MADELYN RAMON, ARTURO LARA      :
MUNOZ, LIVIA GUTIERREZ, on behalf of   :
themselves and all others similarly situated,  :    21 Civ. 0855 (SVN)(TOF)
TAYLOR PROTO, on Behalf of herself,    :
                                       :
                                       :
                    Plaintiffs,        :
                                       :
         -against-                     :
                                       :
                                       :
LOS MARIACHIS, LLC, FOOD TRUCKS, LLC,  :
LOREN AGUIRRE, and JOSEPH FLAMINI.     :
                                       :
                    Defendants.        :
-------------------------------------------------------------------- X
```

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

**WHEREAS,** on June 23, 2021, Plaintiffs filed a Complaint, which asserts claims for, *inter alia,* failure to pay minimum and overtime wages, unlawful deductions, and liquidated statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Connecticut Minimum Wage Act ("CMWA");

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia,* bona fide disputes over a provision(s) of the FLSA, the CMWA,  and/or time worked; and

2

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

A copy of the signatures on this Stipulation serve the same purposes as an original signature.

MADSEN, PRESTLEY & PARENTEAU, LLC          MICHELSON, KANE, ROYSTER & BARGAR P.C.
*Attorneys for Plaintiffs*                                      *Attorney for Defendants*

By: _____          By: _____
        Todd Steigman (ct26875)                    Paul Tagatac, Esq.
        402 Asylum Street                              10 Columbus Boulevard
        Hartford, CT 06103                            Hartford, CT 06103
        Tel.: (860) 246–2466                          Tel.: (860) 522-1343
        Fax: (860) 246-1794
        E-mail: tsteigman@mppjustice.com

SO ORDERED.

_____
Honorable Thomas O. Farrish
United States Magistrate Judge

3

d.     knowingly and voluntarily intend to be legally bound by this Agreement;

e.     were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

f.     are duly authorized and have full authority to execute this Agreement.

Plaintiffs

_____
Sandra Gutierrez

Dated: ___Sep./29/2022___

_____
Gladys Selene Ramon

Dated: _____

_____
Madelyn Ramon

Dated: _____

_____
Arturo Lara Munoz

Dated: _____

Defendants

Los Mariachis, LLC.

By: _____

Dated: _____

Food Trucks, LLC.

By: _____

Dated: _____

_____
Loren Aguirre

Dated: _____

_____
Joseph Flamini

Dated: _____

17

d.    knowingly and voluntarily intend to be legally bound by this Agreement;

e.    were advised to consider the terms of this Agreement with counsel, and have consulted with counsel prior to executing this Agreement; and

f.    are duly authorized and have full authority to execute this Agreement.

Plaintiffs

Defendants

Los Mariachis, LLC.

_____

Sandra Gutierrez

By: _____

Dated: _____

Dated: _____

Food Trucks, LLC.

_____

Gladys Selene Ramon

By: _____

Dated: _____

Dated: __Sep./29/2022

_____

Madelyn Ramon

Loren Aguirre

Dated: _____

Dated: _____

_____

Arturo Lara Munoz

Joseph Flamini

Dated: _____

Dated: _____

17

     d. **knowingly and voluntarily intend to be legally bound** **Agreement;**

     e. **were advised to consider the terms of this Agreement with cou** **have consulted with counsel prior to executing this Agreement; and**

     f. **are duly authorized and have full authority to execute this Agre**

| **Plaintiffs** | **Defendants** |
|---|---|
| | Los Mariachis, LLC. |

_____     By: _____

Sandra Gutierrez

     Dated: _____

Dated: _____

     Food Trucks, LLC.

_____     By: _____

Gladys Selene Ramon

     Dated: _____

Dated: _____

Madelyn R.

_____     Loren Aguirre

Madelyn Ramon

Dated: 09/29/22     Dated: _____

_____     Joseph Flamini

Arturo Lara Munoz

     Dated: _____

Dated: _____

17

**Plaintiffs**

_____
Sandra Gutierrez

Dated: _____

_____
Gladys Selene Ramon

Dated: _____

_____
Madelyn Ramon

Dated: _____

_____
Arturo Lara Munoz

Dated: 9 - 29 - 22

**Defendants**

Los Mariachis, LLC.

By: _____

Dated: _____

Food Trucks, LLC.

By: _____

Dated: _____

_____
Loren Aguirre

Dated: _____

_____
Joseph Flamini

Dated: _____

17



Livia Gutierrez

Dated: 10/3/22

Taylor Proto

Dated: _____

_____

Livia Gutierrez

Dated: _____

_____

Taylor Proto

Dated: 9·29·2022